UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                           MEMORANDUM AND ORDER
                                                                     01 CR 416 (S-6) (ILG)

  -against-

FRANK SCHWAMBORN,

                Defendant.
------------------------------------------------x

GLASSER, United States District Judge:

       Frank Schwamborn, currently serving a term of imprisonment of 55 months to which he was sentenced by this court on June 25, 2005, moves this court to issue an order pursuant to Rule 50.3(c) of the Guidelines for the Division of Business Among District Judges for the Eastern District of New York ("Guidelines")[1] consolidating the purportedly related case of <u>United States v. Schwamborn</u>, 06-cr-328 (SJF) ("Long Island Case"), currently pending before Judge Feuerstein at the Eastern District of New York's Long Island location, with this one. The facts and legal issues applicable to Mr. Schwamborn's request are identical to those addressed by Judge Feuerstein in an order she recently issued in the Long Island Case denying Schwamborn's motion to consolidate the cases there, familiarity with which is assumed. <u>See</u> <u>United States v. Schwamborn</u>, No. 06-cr-328, 2006 WL 3337512 (E.D.N.Y. Oct. 26, 2006). For the reasons stated below, Mr. Schwamborn's motion to consolidate the Long Island Case is denied.

## **DISCUSSION**

---

[1] Available at http://www.nyed.uscourts.gov/guidelinesdj.pdf.

This court denies Mr. Schwamborn's motion to consolidate the Long Island Case for substantially the same reasons that Judge Feuerstein did in the aforementioned order. The Preamble to the Guidelines states clearly that "[t]hese rules are adopted for the internal management of the caseload <u>and shall not be deemed to vest any rights in litigants or their attorneys</u>...." (emphasis added); <u>see also</u> <u>United States v. Garves</u>, 849 F. Supp. 852, 860-861 (E.D.N.Y. 1994) (the Guidelines are "<u>not</u> intended to give the parties a right to litigate where a particular case will be tried, but merely to provide the guidelines by which the Eastern District administratively handles and assigns its cases.") (emphasis in original). Moreover, even if the Guidelines did vest such a right in Mr. Schwamborn, and even if this court were to conclude that the Long Island Case should have been assigned as a "related case" to this court, Guidelines Rule 50.3(f) states that "[t]he failure to assign related cases appropriately shall be corrected <u>only by agreement of all the judges to whom the related cases are assigned</u>" (emphasis added). As Judge Feuerstein indicated in her October 26 order in the Long Island Case, she does not agree to the consolidation of these cases, and this court lacks the authority under the Guidelines to order such consolidation without Judge Feuerstein's consent, even if it wished to do so. Finally, Guidelines Rule 50.4 states that "[n]o case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court." This court does not believe that the reassignment of the Long Island Case from Judge Feuerstein to this court would be in the interest of justice, or that it would facilitate the efficient disposition of the business of the court.

Judge Feuerstein's order also addressed and rejected a due process argument that it found to be present in Mr. Schwamborn's motion. <u>See</u> <u>Schwamborn</u>, 2006 WL 3337512, at *4. It does not appear that Mr. Schwamborn raises a due process argument

in his submission to this court; the court notes that Mr. Schwamborn's Notice of Motion invokes only Guidelines Rule 50.3(c), and the accompanying affirmation makes no mention of the Due Process Clause.  Nevertheless, should Mr. Schwamborn intend by his submission to argue that the government violated his rights under the Due Process Clause of the Fifth Amendment by failing to identify this case as a "related case," this court rejects that argument for the reasons identified by Judge Feuerstein.  See id. (holding that no due process violation existed because the Long Island Case is not properly identified as a "related case" to this one.).

## **CONCLUSION**

Mr. Schwamborn's motion to consolidate the criminal action currently pending against him before Judge Feuerstein, United States v. Schwamborn, 06-cr-328 (SJF), with this case is hereby DENIED.

SO ORDERED.

Dated: December 29, 2006
      Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge