UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                AMENDED MEMORANDUM
                                          AND ORDER
                                          01 CR 416 (S-6) (ILG)

   -against-

FRANK SCHWAMBORN,

                Defendant.
----------------------------------------------x

GLASSER, United States District Judge:

      In a memorandum and order dated December 29, 2006, this court denied the

motion of the defendant Frank Schwamborn to consolidate the criminal action currently

pending against him before Judge Feuerstein, <u>United States v. Schwamborn</u>, 06-cr-328

(SJF) ("Long Island Case"), with this case.  <u>See</u> <u>United States v. Schwamborn</u>, No. 01-cr-

416 (ILG), 2006 WL 3833445 (E.D.N.Y. Dec. 29, 2006) ("December 29 Order").

Familiarity with that opinion, as well as with Judge Feuerstein's opinion denying an

identical motion made by Mr. Schwamborn in the Long Island Case, <u>see</u> <u>United States v.

Schwamborn</u>, No. 06-cr-328 (SJF), 2006 WL 3337512 (E.D.N.Y. October 26, 2006), is

herein presumed.  Mr. Schwamborn filed a notice of motion, with a supporting

affirmation and various exhibits, on December 21, 2006.  Mr. Schwamborn's affirmation

made legal arguments to the effect that the Long Island Case should have been assigned

to this court as a related case pursuant to Rule 50.3(c) of the Guidelines for the Division

of Business Among District Judges for the Eastern District of New York ("Guidelines"),[1]

---

[1] Available at http://www.nyed.uscourts.gov/guidelinesdj.pdf.

and that the Long Island prosecutor's failure to identify this case as related was an attempt to "judge shop." <u>See</u> Affirmation of Frank Schwamborn, dated December 21, 2006 ("Schwamborn Affidavit" or "Schwamborn Aff."). The Schwamborn Affidavit gave no indication that Mr. Schwamborn intended to file a separate memorandum of law in support of his motion. As noted, the court denied Mr. Schwamborn's motion on December 29, having determined on the basis of the motion papers then before it that Mr. Schwamborn's motion to consolidate the Long Island Case with this one was meritless and that it need not waste government resources by requiring the United States Attorney for the Eastern District of New York to respond in opposition. On December 30, nine days after submitting his notice of motion and other supporting documents, Mr. Schwamborn filed a memorandum of law ("Def. Mem.") in support of his motion to consolidate the cases. It is not clear that the court is required to accept or to consider a memorandum of law filed nine days after the rest of Mr. Schwamborn's motion papers; Local Criminal Rule 12.1 does not specifically address the issue, but does state that "opposing papers shall be served within ten business days after the service of motion papers," thus implying that motion papers should be served together, on the same day. Nevertheless, in the interests of justice, the court will consider Mr. Schwamborn's belated memorandum of law and amend its prior order accordingly.

### **<u>DISCUSSION</u>**

Having reviewed the memorandum of law submitted by Mr. Schwamborn, the court again denies his motion to consolidate the Long Island Case with this one, for the reasons identified in its December 29 Order. Contrary to Mr. Schwamborn's suggestion, Rule 50.3(c) does not provide an enforceable right, and Mr. Schwamborn's due process

rights were not violated by the Long Island Assistant United States Attorney's failure to identify this case as one related to the Long Island Case.

## A.    Rule 50.3(f) Does Not Create an Enforceable Right

In its December 29 Order, the court found that the Guidelines, the preamble to which states that "[t]hese rules are adopted for the internal management of the caseload and shall not be deemed to vest any rights in litigants or their attorneys," do not bestow any enforceable rights upon Mr. Schwamborn or any other criminal defendant. See Schwamborn, 2006 WL 3833445, at *1 (citing United States v. Garves, 849 F. Supp. 852, 860-861 (E.D.N.Y. 1994) (the Guidelines are "not intended to give the parties a right to litigate where a particular case will be tried, but merely to provide the guidelines by which the Eastern District administratively handles and assigns its cases.") (emphasis in original)).  Mr. Schwamborn anticipates this point in his memorandum of law, and draws the court's attention to the fact that the Guidelines were adopted pursuant to 28 U.S.C. § 137, which states, inter alia,  that "[t]he business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."  From this text, Mr. Schwamborn draws the conclusion that "[w]hen a case is improperly assigned, the Court has the ability to correct by sending the case back to the Clerk for reassignment."  Def. Mem. at 6 (citing Ukranian Nat'l Ass'n of Jewish Former Prisoners of Concentration Camps & Ghettos v. United States, 205 F.R.D. 102 (E.D.N.Y. 2001); United States v. Escobar, 803 F. Supp. 611 (E.D.N.Y. 1992); United States v. Pescatore, No. 05-cr-128, 2006 WL 47451 (E.D.N.Y. January 5, 2006)).

Mr. Schwamborn's subtle equivocation notwithstanding, the issue is not whether the Guidelines vest the federal district courts with discretion to consolidate related

cases– which they do, although, as discussed below, they require the consent of both judges assigned to the purportedly related cases in order to do so– but rather whether the Guidelines vest Mr. Schwamborn with an enforceable right to compel such consolidation– which they do not. None of the cases cited by Mr. Schwamborn suggest otherwise– indeed, the <u>Pescatore</u> opinion rejects the very argument that Mr. Schwamborn presents here, noting that 18 U.S.C. § 137 "does not explicitly grant defendants a right to sue under a Court's Local Rules," and holding that "the Defendant has no basis to make the current motion" to consolidate the allegedly related cases.[2] 2006 WL 47451, at *6. The other cases that Mr. Schwamborn cites likewise fail to support his position. <u>Ukranian Nat'l Ass'n</u> involved the severance of unrelated cases pursuant to Guidelines Rule 50.3(f), not the consolidation of related cases,[3] and in any event, the district court's opinion in that case made clear that it was exercising its

---

[2] Mr. Schwamborn seeks to distinguish <u>Pescatore</u> on the ground that "the Court found that the case was properly assigned as the omitted cases were actually filed after the related case [was] submitted." Def. Mem. at 7. The <u>Pescatore</u> court did make note of that fact, but its primary legal analysis rested on the fact that neither the Guidelines nor 18 U.S.C. § 137 bestow any enforceable rights upon litigants to compel the consolidation of cases.

[3] The distinction is not merely semantic. Rule 50.3(f) provides that a district court to which a case is erroneously assigned as related to a prior case may <u>sua sponte</u> return the erroneously assigned case to the district clerk for reassignment; however, as discussed below, the situation presented here, in which a case is allegedly erroneously <u>not</u> identified as related to a prior case and therefore assigned to a different judge, may be corrected "only by agreement of all the judges to whom the related cases are assigned." Mr. Schwamborn does not appear to appreciate this distinction; indeed, the relief requested in his memorandum of law is that "Indictment 06-CR-328 (SJF) be returned to the Clerk's Office for reassignment," which would be the appropriate course of action for a case improperly assigned as related, not for a case improperly assigned as unrelated. Quite clearly, this court lacks the authority to order a fellow district judge to return a case pending before her to the district clerk for random reassignment. Def. Mem. at 14.

4

discretion to sever the cases <u>sua sponte</u>, not that the government had a right under the Guidelines to compel such severance.  <u>See</u> <u>Ukranian Nat'l Ass'n</u>, 205 F.R.D. at 104.

<u>United States v. Escobar</u> also addressed the severance of unrelated cases rather than the consolidation of related cases.  In <u>Escobar</u>, Judge Weinstein denied a capital defendant's motion to recuse the judge on the basis of a sentence the judge had previously imposed on the same defendant, but nevertheless held that the case should be reassigned because "given the heavy weight of special protection in capital cases, the defendant should have the right to strike the first judge assigned to the case without giving any reason."  803 F. Supp. at 618.  Having decided to grant the defendant the equivalent of one peremptory challenge to the judge assigned to preside over his capital case, Judge Weinstein further noted that the capital case was not properly assigned as a related case, because "[t]he prior proceeding against this defendant for false statements involved facts, issues and law that are wholly unrelated to the instant action... [n]o savings of judicial time will result from treating these cases as related cases."  <u>Id.</u> at 619.  It is true, as Mr. Schwamborn points out, that the judge went on to state in dicta that "[e]ven were this court to deny defendant's motion to strike, this case would have to be returned to the Clerk for reassignment since its original assignment as a related case violated Rule 50.3."  <u>Id.</u> at 620.  However, on the basis of the Guidelines text and the weight of the legal authority interpreting it, the court concludes that the <u>Escobar</u> court meant only that it would choose to exercise its discretion to return the case to the district clerk, not that it would be under a legal obligation to do so.

As the court noted in its December 29 Order, even if the Guidelines did vest an enforceable  right in Mr. Schwamborn, and even if this court were to conclude that the

Long Island Case should have been assigned as a "related case" to this court, Guidelines Rule 50.3(f) states that "[t]he failure to assign related cases appropriately shall be corrected only by agreement of all the judges to whom the related cases are assigned." As Judge Feuerstein indicated in her October 26 order in the Long Island Case, she does not agree to the consolidation of these cases, and this court lacks the authority under the Guidelines to order such consolidation without Judge Feuerstein's consent, even if it wished to do so. Finally, Guidelines Rule 50.4 states that "[n]o case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court." This court does not believe that the reassignment of the Long Island Case from Judge Feuerstein to this court would be in the interest of justice, or that it would facilitate the efficient disposition of the business of the court. Thus, even if the court had authority to do so, it would not consent to the consolidation of the Long Island Case with this one.

**B.** **<u>The Assignment of the Long Island Case does not Violate Due Process</u>**

  In its December 29 Order, the court disposed of the due process issue by noting that

> [i]t does not appear that Mr. Schwamborn raises a due process argument in his submission to this court; the court notes that Mr. Schwamborn's Notice of Motion invokes only Guidelines Rule 50.3(c), and the accompanying affirmation makes no mention of the Due Process Clause. Nevertheless, should Mr. Schwamborn intend by his submission to argue that the government violated his rights under the Due Process Clause of the Fifth Amendment by failing to identify this case as a "related case," this court rejects that argument for the reasons identified by Judge Feuerstein.

2006 WL 3833445, at *1 (citing <u>United States v. Schwamborn</u>, 2006 WL 3337512, at *4 (holding that no due process violation existed because the Long Island Case is not properly identified as a "related case" to this one)). Mr. Schwamborn's memorandum of

law specifically raises the due process issue, and argues at length that the Long Island prosecutor's failure to identify this case as a related one constitutes impermissible "judge shopping" which violates Mr. Schwamborn's due process rights by tainting the Long Island Case with the appearance of partiality. Def. Mem. at 7. While the court doubts that the failure to properly assign a related case could constitute a due process violation in any event, it notes that Mr. Schwamborn's argument rests upon the premise that the Long Island Case should have been identified as a related case pursuant to Guidelines Rule 50.3(a), an issue that was resolved by Judge Feuerstein against Mr. Schwamborn in his identical motion in the Long Island Case, and is barred by the doctrine of collateral estoppel from being re-litigated here.[4] Because Mr. Schwamborn is not entitled to re-litigate the issue already decided against him in the Long Island Case, his due process argument fails.

---

[4] "Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical, (2) the relevant issues were actually litigated and decided in the prior proceeding, (3) there must have been 'full and fair opportunity' for the litigation of the issues in the prior proceeding, and (4) the issues were necessary to support a valid and final judgment on the merits." Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995) (quoting Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir.1986)). Each of these elements is obviously met with respect to Judge Feuerstein's determination that the Long Island Case does not involve a "similarity of facts and legal issues or... arise from the same transactions or events" as this case, as required by Guidelines Rule 50.3(a). Indeed, the court notes that the instant motion is quite likely barred in its entirety by the doctrine of collateral estoppel, in addition to its lack of substantive merit.

## **CONCLUSION**

Mr. Schwamborn's motion to consolidate the criminal action currently pending against him before Judge Feuerstein, <u>United States v. Schwamborn</u>, 06-cr-328 (SJF), with this case is hereby DENIED.

                                        SO ORDERED.


Dated: January 5, 2007
          Brooklyn, New York


                                        _____/s/_____
                                        I. Leo Glasser
                                        United States District Judge