FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 04 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

-against-

FRANK SCHWAMBORN,

        Defendant.
----------------------------------------x

MEMORANDUM AND ORDER
01 CR 416 (S-6) (ILG)

GLASSER, United States District Judge:

In a letter dated July 11, 2010, the defendant seeks the discovery of documents pertaining to the anticipated sentencing of David Grossman, a co-defendant in the above captioned case. His request for the transcript of the proceedings at which Grossman is to be sentenced and the total Guidelines Offense level and Criminal History Category as calculated by the Probation Department is asserted to be necessary to perfect his petition pursuant to 28 U.S.C. § 2255, which has not yet been filed. Underlying his request is the contemplated assertion that the sentence that he predicts will be imposed on Grossman will be significantly lower than the sentence imposed on him and that the disparity will be a ground for relief.

The prematurity of his request will be enough to deny it. In addition, when his § 2255 petition is filed conferring upon him the status of a habeas petitioner, he will not be entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899 (1997); Beatty v. Greiner, 50 Fed. App. 494 (2d Cir. 202); 28 U.S.C. § 2255 Rule 6. The petitioner must establish "good cause" were such a request to be entertained and sentencing disparity will not provide it. See United States v. Joyner, 924 F.2d 454, 459-61 (2d Cir. 1991).

For the foregoing reasons, his letter request which is regarded as a motion, is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2010

S/ILG
_____
I. Leo Glasser